dant child support in the sum of $45 per week per child until each child reached the age of 21 years or was sooner emancipated. There have not been any prior modifications of the award of child support, nor have there been any prior applications for contribution from the plaintiff towards the college education of the parties' two children. By this motion, the defendant sought to compel the plaintiff to contribute towards Joseph's college education, together with increased child support, and attorneys' fees.

In the order appealed from, the Supreme Court denied the defendant's motion. We find that the Supreme Court erred in denying that branch of the motion which was to direct the plaintiff to contribute towards the cost of Joseph's college education.

The plaintiff is an educator with a graduate degree, and the defendant is a registered nurse. Additionally, at the time the application was made, Joseph was doing well academically. The plaintiff could afford to contribute towards Joseph's college education. The defendant spent $21,038.53 on Joseph's behalf for the 1988-1989 and 1989-1990 academic years. We find that the defendant demonstrated sufficient circumstances to warrant the plaintiff's payment of $3,278.50, the amount billed by Joseph's college for his 1990/1991 junior year in college (see, Domestic Relations Law § 240 [1-b] [c] [7]; see also, Manno v Manno, 196 AD2d 488; Nolfo v Nolfo, 188 AD2d 451; Matter of Setford v Cavanagh, 175 AD2d 665).

We further find that the Supreme Court properly denied that branch of the defendant's motion which was for additional child support. The defendant's papers fail to show sufficient evidence to support her claim for increased child support (see, Matter of Panic v Hert, 200 AD2d 748; Mauss v Mauss, 100 AD2d 576).

Finally, we find that no award of attorneys' fees is warranted in this instance. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.

■ BOARD OF EDUCATION OF THE BAY SHORE UNION FREE SCHOOL DISTRICT et al., Respondents, v FRANK JONES, as Supervisor of the Town of Islip, et al., Appellants. [614 NYS2d 285] —In an action for money had and received, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated November 4, 1993, which is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs (see,

*Board of Educ. v Jones,* 205 AD2d 486 [No. 9] [decided herewith]). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.

■ BOARD OF EDUCATION OF THE BAYPORT-BLUE POINT UNION FREE SCHOOL DISTRICT et al., Respondents, v FRANK JONES, as Supervisor of the Town of Islip, et al., Appellants. [614 NYS2d 284] —In an action for money had and received, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated November 4, 1993, which is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs *(see, Board of Educ. v Jones,* 205 AD2d 486 [No. 9] [decided herewith]). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.

■ BOARD OF EDUCATION OF THE CONNETQUOT CENTRAL SCHOOL DISTRICT et al., Respondents, v FRANK JONES, as Supervisor of the Town of Islip, et al., Appellants. [614 NYS2d 285] —In an action for money had and received, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated November 4, 1993, which is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs *(see, Board of Educ. v Jones,* 205 AD2d 486 [No. 9] [decided herewith]). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.

■ BOARD OF EDUCATION OF THE HAUPPAUGE UNION FREE SCHOOL DISTRICT et al., Respondents, v FRANK JONES, as Supervisor of the Town of Islip, et al., Appellants. [614 NYS2d 284] —In an action for money had and received, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated November 4, 1993, which is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs *(see, Board of Educ. v Jones,* 205 AD2d 486 [No. 9] [decided herewith]). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.

■ BOARD OF EDUCATION OF THE SACHEM CENTRAL SCHOOL DISTRICT AT HOLBROOK et al., Respondents, v FRANK JONES, as Supervisor of the Town of Islip, et al., Appellants. [614 NYS2d 23] —In an action for money had and received, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated November 4, 1993, which is in favor of the plaintiffs and against them.